```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

ANDREW CORPUS,

       Plaintiff,

v.                               Case No: 2:23-cv-502-JES-NPM

LE YEN and GARDENER,

       Defendants.
_____/

## OPINION AND ORDER

Plaintiff Andrew Corpus, a civilly committed resident of the Florida Civil Commitment Center ("FCCC"), initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Corpus generally alleges that the defendants refuse to prescribe him appropriate pain relief for a broken thumb and for his chronic back pain. (Id.) Corpus also seeks a preliminary injunction requiring Dr. Le Yen to prescribe Tramadol for his back pain. (Doc. 4). Corpus seeks leave to proceed in forma pauperis ("IFP")(Doc. 10), and his complaint is before the Court on initial screening.[1]

---

[1] A prisoner who seeks to proceed IFP in this Court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). And although, as a civilly committed resident of the FCCC, Corpus is not a "prisoner"

After careful review, the Court dismisses Corpus's claims against Defendant Gardener for failure to state a claim against her and denies his motion for injunctive relief. Corpus must complete and return service forms if he wishes to proceed against Defendant Le Yen.

## I.   Pleadings

### A.   Complaint

Corpus generally asserts that he has not received proper pain management for a recently broken thumb or for back pain that began long before he became a resident at the FCCC. Corpus's inclusion of caselaw, legal jargon, and irrelevant commentary, along with his non-chronological and repetitive recitation of the facts, make it difficult to extract logical factual allegations from his 20-page complaint. Nevertheless, the Court liberally construes the pleading and sets forth the relevant facts and claims as best it is able.² For clarity, the Court separates Corpus's allegations

---

under § 1915(e), district courts have the power to screen complaints filed by all IFP litigants—prisoners and non-prisoners alike. See Troville v. Venz, 303 F.3d 1256, 1259–60 (11th Cir. 2002) (finding "no error" in the district court's dismissal of a civil detainee's complaint under section 1915(e)(2)(B)(ii)).

² To the extent Corpus intended to offer facts, claims, or theories of relief not recognized in this Order, they are dismissed under Rules 8 and 10 of the Federal Rules of Civil Procedure. See GJR Invs. V. Cnty of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (recognizing the leniency afforded *pro se* litigants but finding that "even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to

regarding his broken thumb from those related to his chronic back issues.

### 1.  Broken Thumb

On March 15, 2023, Corpus fell and injured his hand. (Doc. 1 at 4, ¶ 1). For two days afterwards, his hand was numb, and he felt no pain. However, after the first two days, he felt excruciating pain. (Id.) He visited Defendant Dr. Le Yen for pain medication, but Dr. Le Yen refused to provide any. (Id.)

On March 20, 2023, Corpus was taken to Desoto Memorial Hospital, where an x-ray showed that Corpus's thumb was broken in two places. (Id. ¶ 4). The hospital nurse gave Corpus one Tramadol pill for the pain, which was the only pain medication Corpus had received since the accident. (Id.)

On March 24, 2023, Corpus was taken to an orthopedic surgeon, Dr. Connolly. (Doc. 1 at 6, ¶ 6). Corpus told Dr. Connolly's assistant about the lack of pain medication. (Id.) The assistant said that Dr. Connolly prescribed Corpus "Norco" three times a day, and she gave the escorting officer an envelope with information for Dr. Le Yen. (Id.)

On April 1, 2023, Corpus met with Captain King, Dr. Le Yen, and Defendant Nurse Gardener because he was in pain. (Doc. 1 at 7, ¶ 8). Although Dr. Le Yen was aware of the information from

---

sustain an action") (overruled on other grounds by Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010)).

Desoto Memorial Hospital and Dr. Connolly, she still did not want to prescribe anything except Tylenol and Ibuprofen for Corpus's pain. (Id.) Nurse Gardener said, "Mr. Corpus, we cannot give you Tramadol every time that you come to medical." (Id.)

On April 25, 2023, Corpus had a follow-up with Dr. Connolly who told him that his broken thumb looked good. (Doc. 1 at 9, ¶ 13). Dr. Connolly told Corpus that he would extend the Norco prescription for seven days. (Id.) However, Corpus never received it. (Id.)

### 2. Back Pain

Corpus was transferred to the Florida Civil Commitment Center on December 18, 2005. (Doc. 1 at 18, ¶ 41.) He experienced chronic and excruciating back pain every morning. (Id.) Dr. Lamour prescribed Tylenol #3 to be taken three times per day. (Id. ¶ 42). He also prescribed an antibiotic for an ear infection. (Id.)

On April 8, 2009, Dr. Lamour sent Corpus to an outside doctor who gave him a spinal injection. (Doc. 1 at 18, ¶ 43.) The outside doctor also prescribed Tylenol #3. (Id.) Dr. Lamour changed Corpus's prescription to Vicodin and then Tramadol. (Id.)

Corpus asserts that Dr. Le's and Nurse Gardener's "refusal to treat [his] pain rising from his serious medical need of medication for the pain in his broken thumb and his chronic lower back pain" was deliberately indifferent. (Doc. 1 at 12, ¶ 24.) He also

4

asserts that their actions "did rise to the level of gross negligence[.]" (Id. at 15, ¶ 33). He seeks injunctive relief and monetary damages from both defendants. (Id. at 11).

**B.   Motion for Temporary Restraining Order**

Corpus has filed an "emergency" motion for a preliminary injunction and temporary restraining order. (Doc. 4). Corpus seeks an order from the Court requiring Dr. Le Yen to restart his Tramadol prescription. (Id. at 5). He asserts that Dr. Le Yen told Corpus that she was "afraid [Corpus] was getting addicted [to Tramadol]," but that the lack of Tramadol was causing Corpus to "relapse into chronic suffering and pain as he was forced to live without the necessary medications." (Id. at 3-4). Corpus asserts that he has difficulty with prolonged standing, walking, and sitting due to lack of medication. (Id. at 6).

## II.   Discussion

Corpus asserts that the defendants were deliberately indifferent to his pain. The Supreme Court has held that prison officials violate the Constitution's prohibition against cruel and unusual punishment when they display "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976).[3] "A deliberate-indifference claim entails both an

---

[3] Although, as a civilly committed resident of the FCCC, Corpus's medical claim arises under the Fourteenth Amendment, it is " 'evaluated under the same standard [deliberate indifference] as a prisoner's claim of inadequate care under the Eighth

5

objective and a subjective component." Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1266 (11th Cir. 2020). "First, the inmate must establish an objectively serious medical need . . . that, if left unattended, poses a substantial risk of serious harm." Id. (quotation omitted).[4]

"Second, the inmate must prove that prison officials acted with deliberate indifference to that need by showing (1) that they had subjective knowledge of a risk of serious harm and (2) that

---

Amendment.' " Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (quoting Dang ex rel. v. Sheriff, Seminole Cty. Fla., 871 F.3d 1272, 1279 (11th Cir. 2017)); Hall v. Administrator, FCCC, 2022 WL 4100705, at *2 (11th Cir. 2022) (finding that the district court erred by evaluating the civilly committed plaintiff's medical claims under a professional judgment standard instead of a deliberate indifference standard); compare Hood v. Dep't of Children and Families, 700 F. App'x 988, 990 n.1 (11th Cir. 2017) (noting that the district court erred when it applied a deliberate indifference standard to a resident's claim of inadequate medical treatment because "[t]he district court should have used the 'professional judgment' standard from [Youngberg v. Romeo, 457 U.S. 307 (1982)] because [the plaintiff] is a civil detainee, not a prisoner"). The professional judgment standard acknowledges "that courts must show deference to the judgment exercised by a qualified professional" and that the "decision, if made by a professional, is presumptively valid[.]" Youngberg, 457 U.S. at 322–23. Under this standard, "liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 323 (footnotes omitted). Here, the Court finds that evaluating liability under the professional judgment standard would not result in a different outcome. See discussion infra.

[4] For the purpose of this screening order only, the Court finds both Corpus's broken finger and his chronic back pain to constitute serious medical needs.

they disregarded that risk (3) by conduct that was more than mere negligence." Keohane, 952 F.3d at 1266 (brackets and quotation omitted). To show that medical treatment, when provided, was deliberately indifferent, the plaintiff must show that the care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

    **A.**    **Nurse Gardener**

Corpus makes very few allegations against Defendant Nurse Gardener in his complaint. He alleges only that she told him that the FCCC could not give him Tramadol every time he came to medical (Doc. 1 at 7, ¶ 8) and that he tries to avoid going to the medical department when Nurse Gardner is there because "she always start[s] an argument with me." (Id. 17, ¶ 38). Neither Defendant Gardener's statement that Corpus could not have Tramadol on demand nor her alleged propensity to quarrel with him rises to the level of deliberate indifference. And, while Corpus generally avers throughout the complaint that both defendants refused to provide him with appropriate pain medication, by Corpus's own admission, the decision to treat his pain with Tylenol and Ibuprofen (or not at all) instead of prescribing Tramadol was made by Dr. Le Yen, not Nurse Gardener. Corpus does not explain how Nurse Gardener was to provide him the requested Tramadol (or other prescription narcotic pain relief) without an authorized prescription from Dr.

7

Le Yen. Accordingly, the claims against Defendant Gardner are dismissed for failure to state a claim on which relief may be granted. See Bauer v. Kramer, 424 F. App'x 917, 919 (11th Cir. 2011) (holding that nurses and other such prison personnel are not deliberately indifferent when they reasonably follow a doctor's orders); Smith v. R.G. Harris, D.D.S., 401 F. App'x 952 (5th Cir. 2010) (prison nurse's failure to write prescription for pain medication for infected teeth did not support deliberate indifference claim where nurse was unauthorized to write prescriptions); Holloway v. Del. Cty. Sheriff, 700 F.3d 1063, 1075 (7th Cir. 2012) (holding that nurses may generally defer to instructions given by physicians unless it is clear that doing so will likely cause significant harm to the inmate).

   B.   **Dr. Le Yen**

In his complaint, Corpus inconsistently asserts that Dr. Le Yen has offered either no pain relief or ineffective pain relief for his broken finger and back pain. As a rule, "a dispute over the adequacy of medication prescribed by a treating physician generally does not amount to a constitutional claim." Brennan v. Thomas, 780 F. App'x 813, 822 (11th Cir. 2019). See also Brennan v. Headley, 807 F. App'x 927, 935 (11th Cir. 2020) ("When a prisoner has received medical attention, courts are reluctant to second-guess medical judgments even if there is a dispute over the

8

adequacy of the treatment."); Hamm v. DeKalb Cty., 774 F.2d 1567, 1575 (11th Cir. 1985).

Therefore, to the extent Dr. Le Yen's decision to limit Corpus's pain management regimen to non-opioids was a matter of medical judgment, Corpus has not stated a deliberate indifference claim. See Phillips v. Robbins, 752 F. App'x 759, 764-65 (11th Cir. 2018) (continued reevaluation of allegedly ineffective pain medication, despite refusal to prescribe alternative medication, "suggests disagreements in medical opinion, rather than deliberate indifference." (citation omitted)); Ross v. Corizon Med. Servs., 700 F. App'x 914, 916 (11th Cir. 2017) ("The failure to administer stronger medication [for pain] is generally a medical judgment that is not an appropriate basis for imposing liability."); Wright v. Langford, 562 F. App'x 769, 779 (11th Cir. 2014) (plaintiff's "claim that he should have received some other form of pain medication ... does not state an Eighth Amendment deliberate indifference claim because a doctor's choice of treatment is generally ... a matter of medical judgment."); Locket v. Bonson, 937 F.3d 1016, 1024 (7th Cir. 2019) ("The decision to prescribe non-narcotic pain medication was within the bounds of professional judgment.")

Nevertheless, Corpus also states that he received no pain relief for his broken finger, at least during the time between the break and his visit to Desoto Memorial Hospital, and that he

9

receives no, or completely ineffective, pain relief for his back. And while Corpus admits in his motion for a temporary restraining order that Dr. Le Yen has expressed concern that Corpus was becoming addicted to Tramadol (and refuses to prescribe it for that reason), when testing the sufficiency of a complaint, courts do not consider matters outside the four corners of the pleading. See Hayes v. U.S. Bank Nat'l Ass'n, 648 F. App'x 883, 887 (11th Cir. 2016). Moreover, the Court must evaluate the facts in the light most favorable to Corpus. Id. And the complete withholding of pain medication, if proven, can constitute deliberate indifference. Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995)("Our cases have consistently held that knowledge of the need for medical care and an intentional refusal to provide that care constitutes deliberate indifference.")

Therefore, Corpus will be allowed to develop his claim against Dr. Le Yen. That it will be difficult for Corpus to overcome the deference courts have historically afforded matters of medical judgment—particularly if Dr. Le Yen offers evidence that Corpus was offered other, non-narcotic, pain relief—does not justify dismissal at this stage of litigation. Bell Atlantic Corp. v Twombly, 550 U.S. 544, 556 (2007)("And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.") (internal quotation marks omitted).

### C. Motion for Injunctive Relief

In a separate "Motion for Emergency Preliminary Injunction and Temporary Restraining Order," Corpus asks the Court to order Dr. Le Yen to renew his Tramadol prescription to treat his lower back pain. (Doc. 4). The party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to [all] four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (internal quotation marks omitted).

Corpus has not met his burden of persuasion on the requirements for obtaining injunctive relief. First, service of process has not been effected on Dr. Le Yen, and no discovery has been exchanged. Therefore, the record contains only Corpus's unsubstantiated allegations, meaning that Corpus has only alleged—not shown—a likelihood of success on the merits. Next, as

11

discussed above (and repeatedly alleged in Corpus's complaint and motion), the FCCC has a duty to provide adequate medical care to its residents. Thus, an order requiring Dr. Le Yen to adequately treat Corpus's pain would serve little purpose, as it would amount to nothing more than an instruction to "obey the law," which is a duty already in place. See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law").

Finally, a motion for a preliminary injunction is not appropriately used as a vehicle for final relief on the merits. Heckler v. Redbud Hosp. Dist., 473 U.S. 1308, 1314 (1985). Corpus asserts that Dr. Le Yen is not presently providing him with Tramadol (and has not done so for years), and he seeks an order from the Court requiring her to do so, which is (in addition to monetary damages) the ultimate relief sought in his complaint. In other words, Corpus attempts to leapfrog the litigation process and have the Court grant relief without hearing from the opposition. The Court thus denies his motion for injunctive relief.

### III. Conclusion

Accordingly, it is **ORDERED**:

1. Defendant Gardener is **DISMISSED** from this action for failure to state a claim against her on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

12

2. Corpus's motion for injunctive relief (Doc. 4) is **DENIED**. Corpus's motion for a ruling on his motion for injunctive relief (Doc. 15) is **DENIED as moot.**

3. If Corpus wishes to continue the prosecution of this action against Defendant Le Yen, he must complete and electronically return the highlighted portions of the attached return service forms within **TWENTY-ONE (21) DAYS.**[5]I

4. If Corpus does not timely return the forms, or explain his inability to comply, this case will be dismissed for failure to prosecute without further notice.

5. The **Clerk** is **DIRECTED** to provide Corpus with the appropriate highlighted service forms.

**DONE AND ORDERED** in Fort Myers, Florida on this 15th day of December 2023.

_John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:   Andrew Corpus
Encl:     Notice of a Lawsuit and Request to Waive Service of a Summons, Waiver of the Service of Summons, Summons in a Civil Action

---

[5] If Plaintiff uses the United States Postal Service instead of e-filing to return the forms, he must <u>also</u> return a copy of his complaint, including all exhibits, with his service forms. If Plaintiff uses the FCCC e-filing procedures, he does <u>not</u> need to provide a service copy of his complaint.

13